

**U.S. Department of Justice**

Civil Division, Appellate Staff
950 Pennsylvania Ave. NW, Rm. 7261
Washington, DC 20530

Tel: (202) 353-9018

July 11, 2023

VIA CM/ECF

Mr. Lyle W. Cayce, Clerk of Court
United States Court of Appeals for the Fifth Circuit
21400 U.S. Courthouse
600 S. Maestri Place Suite 115
New Orleans, LA 70130-3408

    RE:    *Neese v. Becerra*, No. 23-10078 (argument not yet scheduled)

Dear Mr. Cayce:

    We write in response to plaintiffs' letter regarding the Supreme Court's decision in *303 Creative LLC v. Elenis*, No. 21-476 (2023).

    *303 Creative* involved a website designer's suit seeking an injunction preventing Colorado from forcing her to "create speech she does not believe." Op. 1. The Tenth Circuit held that the petitioner had standing, but the Supreme Court granted certiorari with respect to only a First Amendment question.

    Moreover, *303 Creative* involved fundamentally different facts. First, the wedding websites the petitioner sought to create were "expressive activity protected by the First Amendment." Op. 9, 21-22. In contrast, this case does not involve expressive activity or a First Amendment claim.

    Second, in *303 Creative*, there was no question that at least some of the petitioner's intended conduct—refusing to create websites for same-sex weddings that the petitioner would have created for opposite-sex weddings—would violate the Colorado Anti-Discrimination Act, which prohibits a public accommodation from denying services based on sexual orientation. In contrast, there is no indication that the Department of Health and Human Services (HHS) views plaintiffs' intended conduct at issue here as unlawful discrimination under Section 1557. Indeed, HHS's 2022 Notice of Proposed Rulemaking underscores that HHS does *not* consider such conduct to violate Section 1557. *See* Gov't Reply Br. 9.

Finally, the parties in *303 Creative* did not dispute before the Supreme Court that there was a history of past enforcement against "nearly identical conduct." Op. 5. In contrast, plaintiffs here have not identified any history of HHS bringing enforcement actions based on the same sort of conduct in which plaintiffs intend to engage. Importantly, HHS has never brought such enforcement actions.

        Sincerely,

        */s/ Ashley C. Honold*
        Ashley C. Honold
        Attorney, Appellate Staff
        Civil Division, Room 7261
        U.S. Department of Justice
        950 Pennsylvania Avenue NW
        Washington, DC 20530
        (202) 353-9018

cc:    Counsel of Record (via CM/ECF)

## CERTIFICATE OF COMPLIANCE

This letter complies with the word count limitation of Fed. R. App. 28(j), as its body contains 277 words as automatically totaled by Microsoft Word.

<i>s/ Ashley C. Honold</i><br>
ASHLEY C. HONOLD