

U.S. Department of Justice
Civil Division, Appellate Staff
950 Pennsylvania Ave. NW
Washington, DC 20530

Tel: (202) 514-1673

May 7, 2024

VIA CM/ECF

Mr. Lyle W. Cayce, Clerk of Court
United States Court of Appeals for the Fifth Circuit
600 S. Maestri Place Suite 115
New Orleans, LA 70130

    RE:   *Neese v. Becerra*, No. 23-10078 (argued January 8, 2024)

Dear Mr. Cayce:

    We write pursuant to Rule 28(j) to inform the Court that on May 6, 2024, the Department of Health and Human Services (HHS) promulgated a final rule regarding Section 1557 of the Affordable Care Act, which will be effective as of July 5, 2024. *See* HHS, *Final Rule: Nondiscrimination in Health Programs and Activities*, 89 Fed. Reg. 37522 (May 6, 2024) (Final Rule).

    The Final Rule reinforces the conclusion that the district court erred in several respects in declaring unlawful the notice challenged in this litigation. For one, the Final Rule confirms that plaintiffs face no credible threat of enforcement as required to establish standing in this pre-enforcement context. The Final Rule makes clear that nothing in Section 1557 "requires the provision of any health service" where a provider "typically declines to provide the health service to any individual or where [it] reasonably determines that such health service is not clinically appropriate for a particular individual," so long as the decision is not driven by "unlawful animus or bias." 89 Fed. Reg. at 37701 (quoting 45 C.F.R. § 92.206); *see also id.* at 37575 (explaining that "[t]here is no part of section 1557 that compels clinicians to provide a service that they do not believe is medically appropriate for a patient or that they are not qualified to provide"). As the government explained, Opening Br. 17-23, nothing in the record suggests that plaintiffs' intended conduct—i.e., not providing services to transgender patients that they typically decline to provide or that they believe are clinically inappropriate for particular individuals—constitutes proscribed gender-

identity discrimination under Section 1557.  In addition, the form, scope, and purpose of the Final Rule demonstrate that the comparatively limited notice challenged here lacks the "telltale signs" of having "direct or appreciable legal consequences" that would render it reviewable final agency action.  *Arizona v. Biden*, 40 F.4th 375, 388 (6th Cir. 2022) (Sutton, J.) (quotation marks omitted).

        Sincerely,

        s/ *David L. Peters*
        David L. Peters
        U.S. Department of Justice
        Appellate Staff, Civil Division

cc (via CM/ECF):  Counsel of Record