# MITCHELL LAW

Jonathan F. Mitchell
Mitchell Law PLLC
111 Congress Avenue, Suite 400
Austin, Texas 78701
(512) 686-3940 tel
(512) 686-3941 fax
jonathan@mitchell.law

May 10, 2024

Lyle W. Cayce
Clerk of Court
United States Court of Appeals for the Fifth Circuit
F. Edward Hebert Building
600 South Maestri Place
New Orleans, Louisiana 70130-3408

Re:   *Neese v. Becerra*, No. 23-10078 (argued January 8, 2024)

Dear Mr. Cayce:

We write in response to the defendants-appellants' letter of May 7, 2024.

Our answering brief (Doc. 35) explains the inadequacies of the purported safe harbor in the proposed rule of August 4, 2022. *See* Appellees' Br. at 28-38. The final rule shares the same deficiencies. And to the extent there are any differences between the supposed safe harbors in the final rule and the proposed rule, the final rule is worse. Here is a redlined comparison:

> Nothing in this section requires the provision of any health service where the covered entity has a legitimate, nondiscriminatory reason for denying or limiting that service, including where the covered entity typically declines to provide the health service to any individual or where the covered entity reasonably determines that such health service is not clinically appropriate for a particular individual. ~~However, a provider's belief that gender transition or other gender-affirming care can never be beneficial for such individuals (or its compliance with a state or local law that reflects a similar judgment) is not a sufficient basis for a judgment that a health service is not clinically appropriate.~~ <u>A covered entity's determination must not be based on unlawful animus or bias, or constitute a pretext for discrimination.</u>

45 C.F.R. § 92.206(c). The final rule leaves covered entities to guess at whether HHS will regard a categorical refusal to provide puberty blockers to minors as an act of "unlawful animus or bias" or a "pretext for discrimination." The rule is equally coy on whether a categorical refusal to assist in the gender transitioning of a minor constitutes a "legitimate, nondiscriminatory reason for denying or limiting" services. It is clear that the current administration does *not* regard laws that ban healthcare providers from transitioning minors as either "legitimate" or "nondiscriminatory," as it is suing states that enact these laws and arguing that they violate constitutional equal-protection guarantees. *See* bit.ly/3UCtJAz

(petition for certiorari in *United States v. Skrmetti*, No. 23-477). It is hard to imagine the current leadership of HHS taking a more charitable view of a healthcare provider's categorical refusal to provide transitioning services to minors.

          Respectfully submitted.

          /s/ Jonathan F. Mitchell
          JONATHAN F. MITCHELL
          Mitchell Law PLLC
          111 Congress Avenue, Suite 400
          Austin, Texas 78701
          (512) 686-3940 (phone)
          (512) 686-3941 (fax)
          jonathan@mitchell.law

cc: All counsel (via CM/ECF)       *Counsel for Plaintiffs-Appellees*